THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

1:05CV0533

JUDGE NUGENT

| | |
|---|---|
| JOHN SCIRIA<br>1591 WINDSOR CIRCLE<br>MAYFIELD HEIGHTS, OH 44124 | ) CASE NO.<br>)<br>) JUDGE<br>) |
| Plaintiff | ) COMPLAINT WITH JURY DEMAND ENDORSED<br>) HEREON |
| VS. | ) |
| HUNTINGTON BANK<br>917 EUCLID AVENUE<br>CLEVELAND, OH 44115 | ) |
| and | ) |
| EQUIFAX CREDIT<br>INFORMATION SERVICES LLC<br>c/o STATUTORY AGENT<br>PRENTICE HALL, CORP<br>50 W. BROAD STREET SUITE 1800<br>COLUMBUS, OH 43215 | ) |
| Defendants | ) |

## JURISDICTION AND VENUE

1. Plaintiff is a resident of Mayfield Heights, OH and is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. Section 1681 a© and Defendant Huntington National Bank is a national bank subject to the provisions of the Consumer Protection Act and Defendant Equifax Credit Information Services, Inc. is a Consumer Reporting Agency as defined by 15 U.S.C. Section 1681 a(f). This Court having jurisdiction of all defendants under the acts without regard to Monetary Jurisdiction.

2. Defendant Equifax is a Georgia Corporation with its principal place of business in Atlanta, Georgia and is registered to do business in the State of Ohio.

3. Defendant Huntington Bank is a National Bank doing business in the State of Ohio.

## FACTUAL ALLEGATIONS

4. On of about December 30, 1994 John Sciria entered into a loan agreement with Defendant, Huntington National Bank on which loan the Plaintiff, John Sciria was a co-maker.

5. On or about August 29, 1996, Huntington National Bank sued on the note and Judgment was granted. Cuyahoga County Case No. 314341.

6. On or about December 3, 1997, Huntington National Bank as a creditor in a foreclosure action against John Sciria again obtained a judgment on the same note as a secured creditor on the real property of John Sciria. Cuyahoga County Case No. 331560.

7. Plaintiff states that a Sheriff sale occurred following Judgment in Cuyahoga County Case No. 331560 on February 20, 1998 and payment was made on said obligation to Huntington National Bank.

8. Plaintiff further states that on May 2, 2003 Huntington National Bank filed a motion to revive the Judgment of March 4,1997 in Cuyahoga County Case 314341. That the court denied the Motion and stated the judgment was unenforceable. See Exhibit "A".

9. Plaintiff states that on or about October 30, 2003, after having applied for credit for a loan through Synergy Bank he received a rejection letter (Copy of which is attached hereto and marked Exhibit "B") denying his application for credit based on Huntington National Bank reporting to Defendant Equifax that account was a charge off when Huntington National Bank knew the judgment was dormant because they had a pending motion to revive the judgment.

9. Plaintiff states that he obtained a copy of his credit history from Equifax on December 27, 2004 which included The Huntington National Bank as a charge off amount of $10,948. See Exhibit "C".

9. Plaintiff further states that when advised of the account designated as a charge off by letter to Huntington National Bank requested the Defendant Huntington National Bank to correct its records, Concerning Plaintiff. A copy of the letter is attached hereto and marked Exhibit "D".

10. Plaintiff further states that he obtained a copy of his credit history from Equifax on January 19, 2005 which included The Huntington National Bank as a charge off amount of $12,288. See Exhibit "E".

11. Plaintiff states that the Defendants have failed to maintain reasonable procedures to correct its errors, that the Judgment was dormant and collection was unenforceable. Plaintiff further states that in accordance with 15 U.S.C. Section 1681 e(b): Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable to assure maximum possible accuracy of the information concerning an

individual about whom the report relates.

12. Plaintiff states that upon information belief, each Defendant has failed to maintain sufficient Procedures to assure ,maximum accuracy of the information contained in Plaintiff's credit report.

13. As a result of the Defendants lack of procedures the Defendant Equifax has reported information that is inaccurate, misleading and adverse to the Plaintiff.

14. The Defendant Huntington bank has willfully sent incorrect information to the Credit Reporting Agency and failed to correct and clarify information which is misleading and harmful to the Plaintiff.

15. The Defendant Huntington National Bank, after being advised of the incorrect information has failed within the reasonable period to investigate and correct its records and to notify the Credit Reporting Agencies of its error.

16. The negligence of the Defendants Equifax and Huntington National Bank to make deletions and notifications required is in violation of the duties imposed upon them by title 15 U.S.C. and without legal justification or privilege.

17. Plaintiff states that as a result of the Defendants negligent failure to perform the duties imposed upon them Plaintiff has suffered actual damage in the amount of Fifty Thousand Dollars ($50,000.00), the cost of the within action and his reasonable attorney fees.

## SECOND COUNT

18. Plaintiff reveres and re-alleges the allegations contained in paragraphs 1 through 17 as if are same fully rewritten herein.

19. Defendants Equifax and Huntington National Bank have willfully and maliciously failed to comply with the provisions of the Fair Credit Reporting Act and that their actions were designed to harm Plaintiff and that they rise to willful non-compliance with the Federal Consumer Credit Laws.

20. Plaintiff has sustained damages secondary to Defendants willful noncompliance entitle him to his actual damages, punitive damages, attorney fees, and costs of the within action.

## THIRD COUNT

21. For the Third Count Plaintiff reveres and re-alleges the allegations contained in paragraphs 1

through 20 of the Complaint as if fully rewritten herein.

22. Defendant Huntington National Bank, with actual knowledge of the incorrect information, has willfully and maliciously communicated untruths to others about Plaintiff's credit history.

23. As a result of said acts Plaintiff has suffered serious injury and irreparable harm to his good name and credit rating and has been otherwise injured. All of the above to the damage of Plaintiff in the amount of Fifty Thousand Dollars ($50,000.00) as compensatory damages; punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00O, attorney fees, costs of the within actions and other remedies this Court may deem just and equitable.

Respectfully submitted,

*(signature)*
WARREN J. WILLIAMS #0024411
22255 Center Ridge #200
Rocky River, OH 44116
(440) 356-0180
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

*(signature)*
*Attorney for Plaintiff*