IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SCIRIA, | ) | CASE NO. 1:05 CV 0533 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HUNTINGTON BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |

This matter is before the Court on Defendant, Huntington National Bank's ("Huntington") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF # 31), and Defendant, Equifax Information Services LLC's ("Equifax") Motion for Summary Judgment. (ECF # 30). Plaintiff, John Sciria, claims that he was injured because the Defendants misreported information on his credit report and in doing so, negligently and/or willfully violated the Fair Credit Reporting Act ("FCRA"). Defendants have both moved for summary judgment on the grounds that Mr. Sciria can present no evidence in support of his allegations. Mr. Sciria filed combined responses to both of these motions. For the reasons set forth below, Defendants' Motions for Summary Judgment are both GRANTED.

## **Summary Judgment Standard**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. Tolton v. American Biodyne, Inc., 48 F.3d 937, 941 (6th Cir. 1995) (citing Celotex, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995) (citing Anderson, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. Anderson, 477 U.S. at 249-50 (citations omitted). In most

civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." Id. at 252.  However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover.  The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.  Id.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible.  The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"  Wiley v. United States, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988)).  FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify.  Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit.

> Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

Wiley, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

Id. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. Id. at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id.

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

### **Analysis**

A. Claims Against Equifax

Mr. Sciria raises three claims against Equifax in his second Amended Complaint. (ECF #27-2).[1] The first claim alleges that Equifax did not maintain reasonable procedures to assure the maximum possible accuracy of the information contained in a credit report, in violation of 15 U.S.C. § 1681e(b), and that as a result Mr. Sciria suffered compensatory damages in the amount of fifty thousand dollars ($50,000), plus costs and attorney fees. A credit reporting agency is not liable under 15 U.S.C. § 1681e(b) for reporting inaccurate information, so long as the agency follows reasonable procedures to prevent such an occurrence. See, e.g., Spence v. TRW, Inc., 92 F.3d 380, 381 (6th Cir. 1996); Bryant v. TRW, Inc., 689 F.2d 72, 78 (6th Cir. 1982); Sepulvado v. CSC Credit Services, Inc., 158 F.3d 890, 896 (5th Cir. 1998); Hauser v. Equifax, Inc., 602 F.2d 811, 814-15 (8th Cir. 1979). In order to state a prima facie case for a violation, a plaintiff must show:

1. inaccurate information was included in a consumer's credit report;

2. the inaccuracy was due to the agency's failure to follow reasonable procedures;

3. the plaintiff suffered injury; and

4. the consumer's injury was caused by the inclusion of the inaccurate entry.

Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3rd Cir. 1996). Equifax has submitted evidence in the form of an affidavit from its Officer of Consumer Affairs that shows that it has in place reasonable procedures to prevent inaccurate disclosure of credit information. Mr. Sciria has offered

---

[1] Equifirst argues that this Amended Complaint has not been properly filed. The Amended Complaint was attached as an Exhibit to Mr. Sciria's Motion for Leave to File an Amended Complaint (ECF # 27). Although it was not captioned as a motion for leave to file instanter, in order to provide every benefit of the doubt to the plaintiff as the non-moving party in this case, the Court will treat the Amended Complaint as having been filed at the time the Motion for Leave to do so was granted.

no evidence, whatsoever, that would contradict this information. Therefore, he has not met his burden of showing that there is a material fact in dispute on this issue, and summary judgment on this claim is warranted.

In the Fourth Count of the Amended Complaint, Mr. Sciria alleges that Equifax violated the FCRA by failing to provide him with his credit report upon request. However, Mr. Sciria has presented no evidence showing that he was ever denied a copy of his credit report when he requested it. To the contrary, Equifax has cited to deposition transcript testimony by Mr. Sciria in which he admits he received a copy of his file in May of 2005 after he requested it; and presents an affidavit attesting that Mr. Sciria as also sent a credit disclosure upon request in September of 2005. (Sciria Depo., pg. 38, lines 23-24; Willis Aff., ¶ 8). Mr. Sciria's Complaint also includes copies of his credit report obtained from Equifax dated December 27, 2004 and January 19, 2005, and a letter from Equifax's attorney indicating that Equifax would provide credit disclosure to Mr. Sciria whenever requested, but that due to the litigation, those disclosures would be provided through his attorney. There is absolutely no evidence, outside of this letter, which indicates that Mr. Sciria ever requested a copy of his credit report, let alone that such a request was ever refused. Therefore, Mr. Sciria has not met his burden of showing that there is a material issue of fact remaining on this claim, and summary judgment is warranted. Mr. Sciria also claims that Equifax willfully and maliciously failed to comply with the FCRA. However, as Mr. Sciria has been able to offer no evidence to support any violation of the FCRA by Equifax, his claim that the alleged violations were willful and malicious must also fail.

B. <u>Claims Against Huntington</u>

Mr. Sciria's Complaint lists three counts against Huntington. Each of these counts, however, alleges the same claim: that Huntington has violated the FCRA by willfully and knowingly sending incorrect information about Mr. Sciria's account to a credit reporting agency, and by failing to investigate and correct its records or to notify the reporting agency once it was informed of its alleged mistake.[2] Mr. Sciria claims he has suffered compensatory damages in the amount of $50,000, plus costs and attorney fees as a result of these alleged violations, and that he is entitled to an additional $100,000 in punitive damages.

The only part of the FCRA that applies to furnishers of information to consumer reporting agencies is 15 U.S.C. § 1681s-2. The other provisions of the Act apply only to credit reporting agencies. Section 1681s-2 does not create a private right of action for the consumer for violations of § 1681s-2(a). This means that there is no private right of action against furnishers of information for reporting information with actual knowledge of errors; reporting information after notice and confirmation of errors; failing to correct and update information that is not complete or accurate; or failing to provide notice of a dispute. Subsection (d) of 1681s-2 states that any such violations shall be enforced exclusively . . . by the Federal agencies and officials and State officials identified in section 1681s. Therefore, in so far as Mr. Sciria's claims allege a violation of 15 U.S.C. §1681s-2(a), those claims must be dismissed for failure to state a claim because there is no private right of

---

[2] Mr. Sciria's Brief in Opposition to Defendants Motion for Summary Judgment Motion to Strike also states that "Plaintiff intends to prove as alleged in Paragraph 19 of its Second Count that Huntington caused further stress resulting from false threats of suit." However, no such allegation or claim appears in the Amended Complaint (ECF # 27-2). Even if it did appear, however, Mr. Sciria has offered no evidence that Huntington made false threats of suit. He has presented evidence in the form of a court judgment that showed Huntington attempted to enforce a judgment after its expiration, however this attempt was denied and cannot form the basis for a claim of false threat of suit.

action under those provisions of the FCRA.

There is no such restriction, however on violations of 15 U.S.C. §1681s-2(b) which requires furnishers of information to conduct an investigation of disputed information and report the results of the investigation to the consumer reporting agencies affected, upon being notified by a consumer reporting agency that it has received notice of a dispute from a consumer as provided in 15 U.S.C. § 1681i(a)(2). Mr. Sciria has produced no evidence, nor even made any allegation in the Amended Complaint that he notified Equifax or any other consumer reporting agency of a dispute prior to the filing of this lawsuit. Nor has the Amended Complaint alleged that Huntington received notice of a dispute in accordance with 15 U.S.C. § 1681i(a)(2). Therefore, the Amended Complaint does not state a cause of action under this provision of the FCRA. Mr. Sciria does allege that he notified Huntington directly of the alleged error in his credit information; however, as illogical as it may seem to the consumer, the FCRA does not impose liability on a lender for failing to correct credit information unless the consumer notifies the consumer reporting agency who received the information and that agency, in turn, notifies the lender of the dispute. No such allegations have been made in this case.

### C. Plaintiff's Fed. R. Civ. P. 56(f) Motion for Additional Time and Discovery

Plaintiff's "Brief in Opposition to Defendants Motion for Summary Judgment Motion to Strike" implicitly admits that his Brief in Opposition lacks evidentiary support for his claims. The Brief requests a thirty day continuance in order for Plaintiff to obtain rebuttal evidence. Mr. Sciria contends that evidence in support of his claims lies in the deposition transcripts. Although he does not specifically say so, presumably his request for more time means that he does not believe that he was able to access the deposition testimony prior to having to file his Brief in Opposition.

No additional time for discovery is warranted. Mr. Sciria had every opportunity to gather and identify evidence in support of his claim. The motions at issue were not filed until well after the expiration of the discovery period. Mr. Sciria has offered no reason why he was not able to obtain and review a copy of the deposition transcript before filing his Brief in Opposition. The deposition transcript appears to have been available to Mr. Sciria three weeks prior to the due date for his opposition. Further, the deposition at issue was Mr. Sciria's own testimony. Any information contained in the deposition that he wished to provide as evidence could have been submitted by way of a personal affidavit. Mr. Sciria's 56(f) motion for additional time and discovery is, therefore, denied.

## **Conclusion**

For the reasons set forth above, Defendant Huntington's Motion to Dismiss, and Equifax's Motion for Summary Judgment are granted. This case is hereby dismissed. IT IS SO ORDERED.

  s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:     November 30, 2005